## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JASON M. SASSO,** | ) | **CASE NO.    1:17CR480** |
| | ) | **1:20CV791** |
| **Defendant-Petitioner,** | ) | |
| | ) | **SENIOR JUDGE** |
| **vs.** | ) | **CHRISTOPHER A. BOYKO** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Plaintiff-Respondent.** | ) | |

### CHRISTOPHER A. BOYKO, SR. J.:

This matter is before the Court on Defendant's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255.  (Docs. 38, 44).  Defendant also requested that the Court appoint counsel to assist in this post-conviction attack.  (Doc. 43).  For the following reasons, the Court **DENIES** Defendant's Motions.  (Docs. 38, 43 & 44).

### I. BACKGROUND FACTS

Defendant pleaded guilty under a Plea Agreement to two counts of Enticement, violations of 18 U.S.C. § 2422(b) and one count of Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, a violation of 18 U.S.C. § 2252(a)(2).  In exchange, the Government dismissed two counts of Transfer of Obscene Materials to a Minor and one count of Attempted Sexual Exploitation of a Child.

Defendant hired Attorney Joseph C. Patituce, who negotiated the Plea Agreement and represented Defendant at the change of plea hearing.  Three months later, Defendant terminated Attorney Patituce's representation.  At the hearing on counsel's Motion to Withdraw, Defendant

questioned his attorney's explanation of his case and stated he may not have been thinking clearly when he pleaded guilty.  (Doc. 29).

The Court appointed new counsel and referred Defendant for a competency determination.  Defendant was determined competent and the matter proceeded to sentencing. The Court ultimately sentenced Defendant to 180 months imprisonment and 10 years supervised release.  Defendant did not appeal either his conviction or sentence.

Instead, Defendant filed the instant Motion to Vacate.  (Doc. 38).  He raised four grounds for relief, all of which pertain to Attorney Patituce's representation.  (*Id.*).  The Government opposed each ground.  (Doc. 42).  In response, Defendant requested counsel (Doc. 43) and moved to add various claims to his Motion (Doc. 44).

## II. LAW & ANALYSIS

### A.  Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Defendant's four Grounds for Relief all pertain to Attorney Patituce's alleged incompetent representation. He argues that counsel: 1) did not review certain evidence on a dismissed count; 2) let his personal bias against Defendant influence his representation; 3) was unfamiliar with the prevailing constitutional law; 4) failed to secure similar deals that other defendants received in this District; and 5) failed to raise certain defenses.

## B. Ineffective Assistance of Counsel

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, Defendant "must meet the two-part test established in *Strickland*, and subsequently tailored to the guilty-plea context, *see Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012)." *Rodriguez-Penton v. United States*, 905 F.3d 481, 486 (6th Cir. 2018). Under the performance prong, Defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Lafler*, 566 U.S. at 163. Under the prejudice prong, and in the context of pleas, Defendant "must show the outcome of the plea process would have been different with competent advice." *Id.* In situations where incompetent advice leads to the acceptance of a plea-deal, a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

To succeed on his claim, Defendant must satisfy both of the above prongs. *Clisby v. United States*, 2021 WL 5318338, *2 (6th Cir. Nov. 16, 2021). However, courts are not required to conduct an analysis under both if it is easier to dispose of the claim due to the lack of

prejudice.  *Strickland*, 466 U.S. at 697; *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004); *Mallett*, 334 F.3d at 497.

As discussed below, each of Defendant's grounds for relief is meritless.  Beyond that, Defendant's motions fail for five more general reasons: 1) he does not allege that his plea was involuntary; 2) he does not claim that he would have proceeded to trial if counsel provided him with competent representation; 3) he does not credit defense counsel for securing a dismissal of three other counts against him; 4) he continued with the same Plea Agreement with new counsel; and 5) he has not demonstrated that the plea process would have resulted in anything different than it did.  Essentially, Defendant cannot demonstrate any prejudice.  *See generally*, *Clisby*, 2021 WL 5318338.  Accordingly, his Motion must fail.

## C.    Ground One

In his first Ground for Relief, Defendant argues that Attorney Patituce provided ineffective assistance of counsel by not receiving and reviewing any evidence that supported the charge under § 2251(a).  Instead, Attorney Patituce misled Defendant into thinking evidence did exist and would be enough to secure a conviction.  The Government opposed this Ground because Defendant did not present any proof that counsel neglected to review the evidence.  Moreover, counsel negotiated away this count in the Plea Agreement and said on the record that he reviewed the evidence.  Finally, the Government submits that enough evidence did exist to secure a conviction.

The Court agrees with the Government.  Not only does Defendant fail to support this claim beyond his bald allegations of incompetence, but he also cannot demonstrate prejudice.  In his supporting facts, Defendant claims that:

> [C]ounsel made serious errors by not receiving evidence used to
> support an indictment on the charge of 2251(a) & (e), but misled me

> to believe the evidence did exist and would be enough to secure a conviction of the charge.  This prejudiced me to take a plea in which the charge would be dropped instead of proceeding to trial to fight the charges against me!

(Doc. 38, PageID: 226).

Count Four of the Indictment against Defendant charged him with Attempted Sexual Exploitation of a Child, a violation of 18 U.S.C. § 2251(a) & (e).  (Doc. 9).  As Defendant admits, the Government dismissed Count Four in exchange for Defendant's guilty plea to Counts One, Three and Six.  Thus, even if Defendant proceeded to trial on Count Four, the best outcome he would receive is one defense counsel procured through plea negotiations: dismissal of the count.

Accordingly, since Defendant was not prejudiced by the dismissal of Count Four in the Plea Agreement, the Court finds Defendant's first Ground for Relief meritless.

**D.    Ground Two**

In Ground Two, Defendant claims Attorney Patituce let his negative opinion of Defendant influence his representation.  By doing so, Attorney Patituce's "performance was prejudiced by his personal opinions."  (Doc. 38, PageID: 227).  The Government opposes by highlighting a lack of proof to support these claims.  More importantly, counsel actually succeeded in plea negotiations by securing the dismissal of three claims.  Finally, the Government says it is irrelevant whether counsel likes his or her client.

The Court agrees with the Government.  Defendant does not support his claim that counsel's personal opinions negatively impacted representation with sufficient facts.  Moreover, the prejudice Defendant complains about is Attorney Patituce's performance, not that the plea process would have been different had Attorney Patituce 'liked' Defendant.

Accordingly, the Court finds Defendant has neither demonstrated counsel's incompetence nor shown the requisite prejudice to sustain a claim of ineffective assistance of counsel. Ground Two is without merit.

**E.     Ground Three**

In Ground Three, Defendant claims that Attorney Patituce was ineffective because he was unfamiliar with the constitutionality of 18 U.S.C. § 2422(b). According to Defendant, and without providing a case cite, the Supreme Court found this section unconstitutionally vague. The Government highlights the lack of legal support to maintain this claim and argues that caselaw holds the exact opposite.

The Court agrees with the Government. Not only has Defendant not provided the Supreme Court case he relies on, but this Court's own research did not uncover any such case. Instead, the circuit courts, including the Sixth Circuit, all find a defendant's vagueness and overbreadth challenges to 18 U.S.C. § 2422(b) are without merit. *United States v. Hart*, 635 F.3d 850, 856-57 (6th Cir. 2011); *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000); *United States v. Shill*, 740 F.3d 1347 (9th Cir. 2014); *United States v. Gagliardi*, 506 F.3d 140 (2d Cir. 2007); *United States v. Tykarsky*, 446 F.3d 458 (3d Cir. 2006); *United States v. Thomas*, 410 F.3d 1235 (10th Cir. 2005).

Accordingly, since the state of the law is inapposite to Defendant's position, counsel did not perform deficiently by failing to argue that § 2422 is unconstitutionally vague.

**F.     Ground Four**

In his final ground for relief, Defendant argues that Attorney Patituce neglected to argue for similar deals that other defendants received in this District and involving the same prosecutor. The Government disagrees. The Government again highlights the lack of a specific

case to support Defendant's position.  Moreover, the Government argues that, since counsel negotiated away the counts with the harshest penalties, the Plea Agreement was more favorable to Defendant.

The Court agrees with the Government.  Again, Defendant does not highlight a comparative case to support his claim.  Moreover, Defendant's argument for prejudice here is inapposite to what the law requires.  With this Ground, Defendant is claiming that counsel should have procured a better plea deal for him, one in line with what Defendant believes is typical in this District.  But Defendant is not entitled to a plea agreement.  Thus, there is no prejudice here when Defendant cannot demonstrate that a better deal existed or that the Government would have presented him with a better deal, again compared to an unknown typical deal.

Since Defendant has not demonstrated that counsel either performed deficiently or prejudiced Defendant, Ground Four fails.

## G.    Motion to Appoint Counsel

In response to the Government's Opposition, Defendant moved the Court to appoint the Federal Public Defenders Office to represent him in this collateral attack.  (Doc. 43).  But as Defendant acknowledges, "[t]here is no right to counsel in postconviction proceedings[.]"  *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019); *United States v. Augustin*, 16 F.4th 227 (6th Cir. 2021).  And since this case is neither legally nor factually complex, the "interests of justice" do not require the appointment of counsel.  *Augustin*, 16 F.4th 227 (citing 18 U.S.C. § 3006A(a)(2)).

Accordingly, the Court **DENIES** Defendant's Motion to Appoint Counsel.  (Doc. 43).

**H.    Motion to Amend**

Almost one-year after his initial Motion under § 2255, Defendant sought leave to amend his Motion to add additional grounds for relief.  (Doc. 44).  Notwithstanding the Government's failure to respond, Defendant's Motion fails for two reasons.

First, it is untimely.  As a general rule, Defendant had twenty-one days to amend his Motion after the Government filed its Opposition.  Fed. R. Civ. P. 15(a)(1)(B).  Defendant did not file his motion within that period of time, instead waiting 336 days to file his motion.  And while Defendant may request leave from this Court, Fed. R. Civ. P. 15(a)(2), the Court will deny that leave because, as discussed below, the Motion fails on its merits.  Accordingly, Defendant's Motion to Supplement is procedurally improper.

More importantly, Defendant's Motion fails on its merits.  In his Motion to Amend, Defendant advances various defenses that Attorney Patituce failed to make which ultimately prejudiced Defendant "by denying him a defense."  (Doc. 44, PageID: 260).  But again, Defendant's Motion to Amend fails because he does not allege the necessary prejudice to succeed on his claim of ineffective assistance of counsel.

"[W]here the alleged error of counsel is a failure to advise the defendant of a potential defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."  *Hill*, 474 U.S. at 59.  In his Motion to Amend, and like his prior § 2255 Motion, Defendant does not claim he would have gone to trial had he received competent advice.  Indeed, Defendant fired Attorney Patituce, received new counsel and still proceeded with his Plea Agreement.  There is no record that Defendant attempted to withdraw his plea or state that his prior plea was involuntary.  *See Clisby*, 2021 WL 5318338, * 2 ("A defendant's efforts to withdraw a guilty plea may sometimes

- 8 -

be evidence of prejudice). Thus, the Court will not engage in the exercise of considering the likelihood of success of the various defenses at trial when Defendant does not even claim he would have gone to trial in the first place.

For these reasons, Defendant's Motion to Amend is without merit.

### III. CONCLUSION

Defendant's § 2255 Motion is more of an attack on the specific plea deal he received rather than counsel's ineffectiveness. Nowhere in Defendant's briefing does he allege that he would have proceeded to trial had Attorney Patituce advised him correctly. Rather, his behavior reflects just the opposite as he proceeded with new counsel under the Plea Agreement Attorney Patituce negotiated.

Accordingly, the Court **DENIES** Defendant's Motion to Vacate (Doc. 38); **DENIES** Defendant's Motion for Counsel (Doc. 43); and **DENIES** Defendant's Motion to Amend (Doc. 44).

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: November 18, 2021**